**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Derrick Gaillard, | Case No. 2:25-12711-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Charleston County Sheriff's Office, Officer Matthew Meisel, Deputy R. Lyerly, Bond Judge Mercedes Smith, and Judge Patrick Smith, | |
| Defendants. | |

This matter, brought pro se, is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court dismiss this action without prejudice, without leave to amend, and without issuance or service of process. (Dkt. No. 13). Plaintiff was given notice that a party had 14 days from the date of the R&R to file any objection and a failure to file a timely objection would result in limited, clear error review and waiver of the right to appeal the district court's order. (*Id*. at 3). No timely objection was filed.  Instead, Plaintiff filed a motion to amend his complaint, which simply stated that "the Fourteenth Amendment due process clause provides that no state may deprive any person life, liberty, or property without due process of law." (Dkt. No. 15).

I.    **Legal Standard**

    A.  **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

1

a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II.    Discussion

After an initial review of Plaintiff's pro se complaint, the Magistrate Judge issued a Proper Form Order describing in detail numerous deficiencies in the complaint that made it subject to summary dismissal.    These deficiencies included lack of jurisdiction, failure to state a claim, judicial immunity, and improper naming of the Charleston County Sheriff's Office in a § 1983 claim. (Dkt. No. 9).  The Proper Form Order also directed Plaintiff to complete the summons and Form USM-285.

Plaintiff failed to address the deficiencies identified in the complaint and did not provide the necessary documents to bring the case into proper form.  The Magistrate Judge issued a R &

R, recommending that the case be summarily dismissed without prejudice, without leave to amend, and without issuance or service of process. (Dkt. No. 13). The Magistrate Judge described the complaint as "rambling and difficult to read" and filled with "legalistic gibberish." (*Id*. at 1, 6).

Plaintiff filed no objections to the R & R. He did move to amend the complaint but failed to address the numerous deficiencies identified in both the Proper Form Order and the R & R. Under the circumstances, the Magistrate Judge appropriately recommended that the case be summarily dismissed without prejudice, without leave to amend, and without issuance or service of process.

### Conclusion

For the foregoing reasons, the R&R (Dkt. No. 13) is **ADOPTED** as the Order of the Court. This action is **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND, AND WITHOUT ISSUANCE OR SERVICE OF PROCESS.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 22, 2026
Charleston, South Carolina